UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

CUONG NGUYEN,

Plaintiff,

v.

PEILIN OUYANG, d/b/a RADIANTJWCO,

Defendant.

-------------------------------------------------------X

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND MISREPRESENTATION UNDER 17 U.S.C. § 512(f)**

Case No. ______________

## COMPLAINT

Plaintiff Cuong Nguyen ("Plaintiff"), by his undersigned counsel, alleges as follows against Defendant Peilin Ouyang, d/b/a RadiantJWCo ("Ouyang" or "Defendant"):

## I. NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and for knowing misrepresentation in a counter-notification under 17 U.S.C. § 512(f). Plaintiff is the author and registered copyright owner of four original felt children's activity books, marketed as "busy books" and "quiet books" (the "Subject Works"). Ouyang sells unauthorized copies of the Subject Works to consumers in the United States through an online storefront on the Etsy marketplace.

2. Ouyang operates the Etsy storefront "RadiantJWCo" from Southampton, United Kingdom. On October 6, 2026, Plaintiff's counsel notified Etsy, Inc. ("Etsy") of twelve of Ouyang's listings that reproduce the Subject Works. Ouyang responded with a counter-notification swearing, under penalty of perjury, that all twelve listings had been removed

"by mistake or because of misidentification," and consenting to the jurisdiction of this Court. Because Etsy received no notice of a court action, Ouyang was then free to relist the material. All twelve listings are again offering copies of the Subject Works, and Ouyang has not removed them despite two written demands from Plaintiff's counsel.

3. The copies Ouyang sells do not merely resemble the Subject Works; they reproduce Plaintiff's original designs. Plaintiff seeks to stop that infringement, to recover statutory damages and attorney's fees, and to obtain a judgment on which online marketplaces can act.

## II. PARTIES

4. Plaintiff Cuong Nguyen, also known as Cuong Tien Nguyen and writing under the pseudonym "Leo Corners," is an individual residing in Hanoi, Vietnam. Plaintiff designs, authors, and sells felt children's activity books through online marketplaces, including Etsy.

5. Defendant Peilin Ouyang is an individual who, on information and belief, resides at 464 Glen Eyre Road, Southampton SO16 3UF, United Kingdom, the address provided in Ouyang's counter-notification. Ouyang operates the Etsy storefront "RadiantJWCo" at https://www.etsy.com/shop/RadiantJWCo.

## III. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act.

7. This Court has personal jurisdiction over Ouyang by consent. To be permitted to relist the material at issue, Ouyang submitted a counter-notification under 17 U.S.C. § 512(g)(3)

stating: "I consent to the jurisdiction of Federal Court for the judicial district in which I am located, or if my address is outside of the United States, for any judicial district in which Etsy is located, and that I will accept service of process from the person who provided the original notification or an agent of such person." (Ex. C.) Ouyang's address is outside the United States. Etsy's principal place of business and its designated agent for notifications of claimed infringement are located at 117 Adams Street, Brooklyn, New York 11201, in this District. See *Nguyen v. Hu*, No. 3:25-cv-10356-JSC, at 3–4 (N.D. Cal. Aug. 10, 2026), ECF No. 42 (finding that a foreign Etsy seller, by his DMCA counter-notification, "consented to jurisdiction in the Eastern District of New York, which encompasses Brooklyn"), *amended*, ECF No. 44 (N.D. Cal. Sept. 9, 2026) (transferring action to this District).

8. Alternatively, this Court has personal jurisdiction over Ouyang under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under federal law; on information and belief, Ouyang is not subject to jurisdiction in any State's courts of general jurisdiction; and Ouyang purposefully directs infringing sales to consumers in the United States by offering the infringing products for sale to customers in the United States.

9. Venue is proper in this District under 28 U.S.C. § 1391(c)(3), because Ouyang does not reside in the United States and may be sued in any judicial district; under 28 U.S.C. § 1400(a), because Ouyang may be found in this District; and by Ouyang's consent.

## IV. FACTS

### A. Plaintiff and the Subject Works

10. Plaintiff is the author and owner of all right, title, and interest in the four original works identified below, each of which is registered with the United States Copyright Office:

a. Bear Adventure Busy Book (also marketed as Bear Adventure Quiet Book), U.S. Copyright Reg. No. VA0002469110, effective December 1, 2025;

b. Wild Lion Busy Book (also marketed as Wild Lion Quiet Book), U.S. Copyright Reg. No. VA0002469107, effective December 1, 2025;

c. Fairy Theme Garden Busy Book (also marketed as Fairy Theme Garden Quiet Book), U.S. Copyright Reg. No. VA0002469105, effective December 1, 2025; and

d. Berry Tale Busy Book (also marketed as Berry Tale Quiet Book), U.S. Copyright Reg. No. VA0002468423, effective July 27, 2025.

11. Each Subject Work was first published in the United States on June 22, 2025. Each consists of a cover and interior pages of original artwork, including original characters, scenes, composition, arrangement, line work, and color schemes, executed in felt. Each Subject Work is registered as a pseudonymous work under Plaintiff's pseudonym, “Leo Corners.” The certificates for the Bear Adventure, Wild Lion, and Fairy Theme Garden works identify Plaintiff as author and copyright claimant and the authorship as “2-D artwork”; the certificate for the Berry Tale work identifies “Leo Corners” as author and claimant and the authorship as “quiet books made from felt cloth.” The certificates of registration, and the photographs deposited with the Copyright Office for each Subject Work, are attached as Exhibit A.

12. Plaintiff sells the Subject Works with a name chosen by the customer stitched on the cover. The personalized name does not change the artwork of the cover or of any page.

**B. Ouyang's Infringing Copies**

13. Ouyang reproduces, displays, distributes, offers for sale, and sells felt activity books that copy the protected expression of the Subject Works, including their covers, characters, page designs, and arrangement, without Plaintiff's authorization.

14. Ouyang sells copies of the Subject Works through the Etsy storefront at https://www.etsy.com/shop/RadiantJWCo, in twelve listings bearing Etsy listing numbers 4575546175, 4576370625, 4576389494, 4575601105, 4576330012, 4575601569, 4575614232, 4576375111, 4576870919, 4575619058, 4576308811, and 4578600772 (the “Noticed Listings”). The Noticed Listings offer personalized felt books, in a choice of “Book Theme,” whose covers reproduce the covers of all four Subject Works: the bear cover of Bear Adventure Busy Book, the lion cover of Wild Lion Busy Book, the mushroom-house cover of Fairy Theme Garden Busy Book, and the strawberry cover of Berry Tale Busy Book. (Compare Ex. A with Ex. B.) True and correct screen captures of each of the Noticed Listings as they appeared on November 14, 2026 are attached as Exhibit B.

15. Ouyang offers the copies for sale to customers in the United States, with prices displayed in U.S. dollars. On November 14, 2026, Noticed Listing 4575546175 was marked “Bestseller” and stated: “In demand. 38 people bought this in the last 24 hours.” Noticed Listing 4578600772 stated that the item was “In 10 carts.” (Ex. B.)

16. On information and belief, Ouyang began offering copies of the Subject Works after the effective dates of the registrations identified in Paragraph 10.

### C. Notice, Counter-Notification, and Continued Infringement

17. On October 6, 2026, Plaintiff's counsel submitted to Etsy a notification of claimed infringement under 17 U.S.C. § 512(c)(3) identifying the twelve Noticed Listings. Etsy disabled access to the Noticed Listings.

18. Ouyang then submitted a counter-notification to Etsy concerning all twelve Noticed Listings, stating: "I swear under penalty of perjury that I have a good faith belief that the material was removed or disabled by mistake or because of misidentification of the material." On October 8, 2026, Etsy forwarded the counter-notification to Plaintiff's counsel and advised that, absent notice of a court action, Ouyang could reactivate or repost the material on October 22, 2026. A true and correct copy of Etsy's notice, including the counter-notification, is attached as Exhibit C.

19. Ouyang's statement was false, and Ouyang knew it was false when making it. The counter-notification identified no mistake and no misidentification, and none existed: the Noticed Listings depicted copies of the Subject Works (compare Ex. A with Ex. B). The Noticed Listings were not removed by mistake or because of misidentification: they were removed because they offered copies of the Subject Works, copies that Ouyang had not created and had no authorization to sell, as Ouyang knew.

20. On October 9, 2026, the day after Etsy forwarded the counter-notification and before Ouyang could relist the material, Plaintiff's counsel wrote to Ouyang at the email address provided in the counter-notification. The letter identified Ouyang's storefront, advised

that Plaintiff's registered works were the subject of a pending federal action in this District, and demanded that Ouyang immediately remove all listings incorporating or derived from Plaintiff's works, cease all manufacture, distribution, and sale of such products, and confirm compliance in writing within five days. A true and correct copy of that letter is attached as Exhibit D.

21. Ouyang did not comply. Instead, after October 22, 2026, the date on which Etsy's counter-notification process permitted Ouyang to reactivate or repost the material, Ouyang relisted it. By November 7, 2026, all twelve Noticed Listings were again active and offering copies of the Subject Works.

22. On November 9, 2026, Plaintiff's counsel wrote to Ouyang again at the same email address. The letter identified the registrations for the Subject Works and each of the twelve Noticed Listings by URL; advised Ouyang that the counter-notification's statement of mistake or misidentification was untrue; noted Ouyang's consent to jurisdiction in any judicial district where Etsy is located and Plaintiff's pending actions in this District; enclosed copies of the registration certificates and deposit images for the Subject Works; and demanded that Ouyang remove the Noticed Listings, cease selling copies of the Subject Works, preserve relevant records, and confirm compliance in writing by 5:00 p.m. U.K. time on November 11, 2026. A true and correct copy of that letter is attached as Exhibit E.

23. Ouyang did not remove the Noticed Listings. As of the filing of this Complaint, all twelve Noticed Listings remain active and continue to offer copies of the Subject Works. (Ex. B.)

24. Ouyang's infringement is willful. Ouyang continued to sell copies of the Subject Works after receiving notice of Plaintiff's claims through Etsy's notice process, after swearing to a counter-notification Ouyang knew to be false, and after two written demands from Plaintiff's counsel, the first of which Ouyang received before relisting the material.

25. Ouyang's infringement has caused and continues to cause Plaintiff irreparable harm, including lost sales, the erosion of Plaintiff's prices by discounted copies, the loss of control over the quality and reputation of his designs, and the cost of monitoring and reporting infringing listings.

26. Plaintiff has no adequate remedy at law. Monetary damages cannot fully compensate for the loss of control over his designs or for sales that cannot be traced, and Ouyang resides outside the United States, where any money judgment may be difficult to enforce. The balance of hardships favors Plaintiff, because Ouyang has no legitimate interest in selling copies of works Ouyang does not own, and the public interest favors protecting copyrights.

## COUNT I

## Copyright Infringement, 17 U.S.C. §§ 106, 501

27. Plaintiff incorporates the preceding paragraphs by reference.

28. Plaintiff owns valid, registered copyrights in the Subject Works.

29. Ouyang, without Plaintiff's authorization, has reproduced, displayed, distributed, offered for sale, and sold copies of the Subject Works, infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

30. Ouyang's infringement was willful, or at a minimum in reckless disregard of Plaintiff's rights.

31. Plaintiff is entitled, at his election, to actual damages and Ouyang's profits under 17 U.S.C. § 504(b) or to statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages of up to $150,000 per work infringed for willful infringement; to injunctive relief under 17 U.S.C. § 502; to impoundment and disposition of infringing articles under 17 U.S.C. § 503; and to costs and attorney's fees under 17 U.S.C. § 505.

## COUNT II

### Misrepresentation in Counter-Notification, 17 U.S.C. § 512(f)

32. Plaintiff incorporates the preceding paragraphs by reference.

33. Ouyang knowingly and materially misrepresented, under 17 U.S.C. § 512(g)(3), that the Noticed Listings were removed or disabled by mistake or misidentification.

34. Etsy relied on Ouyang's misrepresentation in ceasing to disable access to the Noticed Listings and permitting Ouyang to reactivate or repost them. See 17 U.S.C. § 512(f)(2).

35. Plaintiff was injured as a result, including through Ouyang's renewed sales of copies of the Subject Works and the costs of further enforcement. Under 17 U.S.C. § 512(f), Ouyang is liable for Plaintiff's damages, including costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Ouyang, and:

A. Permanently enjoin Ouyang, Ouyang's agents, servants, employees, and attorneys, and all other persons in active concert or participation with Ouyang, from reproducing, displaying, distributing, offering for sale, or selling copies of the Subject Works, and from operating any online storefront or listing for that purpose;

B. Upon notice to the affected service provider as required by 17 U.S.C. § 512(j)(3), grant such relief under 17 U.S.C. § 512(j) as the Court finds appropriate with respect to specifically identified listings offering copies of the Subject Works;

C. Order the impoundment and destruction of all infringing copies under 17 U.S.C. § 503;

D. Award Plaintiff, at his election, statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement, or his actual damages and Ouyang's profits under 17 U.S.C. § 504(b);

E. Award Plaintiff damages against Ouyang under 17 U.S.C. § 512(f), including costs and attorney's fees;

F. Order Ouyang to account for all sales of copies of the Subject Works;

G. Award Plaintiff his costs and reasonable attorney's fees under 17 U.S.C. § 505;

H. Award pre-judgment and post-judgment interest as permitted by law; and

I. Grant such other and further relief as the Court deems just and proper.

Dated: November 14, 2026

Respectfully submitted,

/s/ David Bosland
David Bosland, Esq.
WA Bar No. 47992
Motion for admission pro hac vice filed concurrently
Bosland Law, PLLC
1916 Pike Place Ste 12 #1504
Seattle, WA 98101
david@bosland.law
206 289-0156
Attorney for Plaintiff, Cuong Nguyen